Please be seated. When your case is called, please approach the podium and tell us your name and whom you represent. This is a recorder, it's not a microphone, so I'll modulate your voice accordingly. Please get to your strongest argument first because we've read everything and you will have 15 minutes per side. I would advise the appellant to reserve a few minutes for rebuttal. We are not strict clock watchers, but if you go on too long, I will ask you to wrap it up. Please call the case. The court will now call 242 Mario Elano v. Timothy Ferriss. Good morning. My name is Tom Zimmerman. I represent the appellant in this case. The case is before the court on a dismissal of a complaint on a 2615 motion to dismiss. We would be asking the court to reverse because the circuit court essentially ruled as a matter of law that the allegations in the complaint did not rise to the level necessary to state a claim under the Consumer Fraud Act. It was essentially a factual finding that the court made on a 2615 motion which, as the court knows, the pleading, the complaint must be liberally construed to give all reasonable inferences in favor of the plaintiff. It's a very liberal standard in favor of the plaintiff. Moreover, we have the Consumer Fraud Act at issue which also must be liberally construed and so essentially there's a two-fold liberal construction standard at issue here. The Illinois Supreme Court in the Daley case was clear and several other cases to follow, Cobb, ABT, and other ones that we've cited, that this is a question of fact. This is a factual inquiry as long as there is a plausible cause of action stated in the complaint, then that is sufficient. The court is not entitled to rule as a matter of law on this type of factual inquiry under well-settled precedent. In fact, in the Daley case, the Supreme Court has stated the factual issues involved in the case, whether Datacom's various actions actually violated the Consumer Fraud Act, have not yet been addressed by the trier of fact. We are somewhat perplexed by the circuit court's finding that the notices were not misleading. In our view, whether or not Datacom, through its demand notices, violated the Consumer Fraud Act or any other law is a factual issue which must be decided by the trier of fact once this cause is remanded. Mr. Zimmerman, looking to the four corners of the complaint, which is what we have to do on this 615 motion, are you alleging that the mere exclusivity of the additional chapters itself has some kind of empirical value that your clients have been deprived of when the data was put on the Internet for anybody who wanted to just look at it? We are alleging that there was a diminution in the value of the book because the misrepresentation was that the book is not just what you hold in your hands, that using passwords hidden in the book you can access some of the most entertaining material that did not make it in. No, no. And I think we all read that. Yes. I think what Judge Palmer did in the court below is he said your clients got the benefit of the bargain because they were able to go on the Internet and have those extra chapters, so they did get what they paid for. There's sort of a nuance here that I want to see if it's in the record at all, that the fact that only the buyers would have it and other people would be walled off and would not have this special information, does that factor itself add some value that your clients were deprived of in the complaint we have before us? It is alleged in paragraph 26 of the complaint and specifically it goes through a mathematical example of the diminution in value to the book because there were additional, about 10% more reading material that was given away for free. I saw the calculation where you basically discount the book by 10%. Yes. Okay. There seems to be a thread of facts in here, something along the following lines. People bought the book. They went online with the password that's in the book and there was nothing available online for a little while. Well, there were no passwords in the book. Okay. There were no hidden passwords in the book. And that's why the people were questioning the author and saying, where are these passwords? Where is this bonus material? All right. Thank you for clarifying that point, but you're right where I'm aiming at here. If, in fact, they bought the book in part on reliance on a promise that there was additional information that they could get from the book that would be available on the Internet. Okay. And they went on the Internet and there was nothing there? Or there simply was not a password in the book, but it was sitting on the Internet all along? What was? It was not there. The author. At least for a while, right? At least for a while, until after we filed the complaint. The author replied to these inquiries and said, it's coming. I don't have it yet. We filed the lawsuit and then all of a sudden it appeared in draft form in track changes format. And so it was hastily put up there in response to the complaint for all to see for free. In the complaint that we have before us today, again, looking at the four corners of the complaint, is there a cause of action that we can slice off for the time lag between the purchase of the book and the time that the additional information went online? In terms of damages? Damages. There could be that argument that's made because there is sufficient data or exhibits attached to the complaint and allegations where people were looking for the material and it was not available. I think the analogy here would be akin to if you have a cereal box, for example, you're walking down the cereal aisle and it says, buy this cereal and you get a free toy. Or you go and you buy a video game and they're representing that as you go through these mazes, all of a sudden, if you reach level six, you will unlock a hidden code and then you can download another game. Okay, that type of thing. It's part of what you were buying. Otherwise, they would just have a big bucket of free toys in the cereal aisle if it was not part of the purchase. Otherwise, the video game would simply put the code on the front of the package or hand out codes or hand out the free game in the aisle. Mr. Zimmerman, let me put, the plaintiff ultimately got the bonus material such as it was. I'm struggling to find out, is your complaint based on the fact that there was no password that was needed to get this bonus material or is it based on the fact that the bonus material wasn't put up in a timely way and had to be encouraged, according to your complaint, by the filing of the complaint? What exactly is the thrust of what the plaintiff is claiming his damages to be? The representation was that as part of the purchase of this product, you get not only the physical book in your hand, but you also get additional chapters that were not made part of the book. Right, so is it the lag time in getting the additional, because ultimately the bonus material did go on the Internet, albeit for without a password, accessible without a password, when the original advertisement said hidden passwords would be needed. So is that your complaint, the fact that there was, I mean, is that what's really at the bottom of this, the fact that no hidden passwords were not only were they not needed, but no hidden passwords were in the book at all? I mean, is that part of, it's all very nuanced, and it's very important for us to have a clear understanding of what these nuances are, because we have to, to the extent that we're going to write an opinion, we have to write something and we have to grasp those nuances. So I'm asking you to help me do that. That is the thrust of the complaint, is that this product that the consumers purchased was comprised of two components. It was the physical book and it was the additional chapters that were not physically in the pages of the book, but were made part of the book as a whole. They were part of the purchase of the product. And the purchase price encompassed not only the physical book, but the additional chapters that were represented that you would be able to get as well as part of this purchase. There's no way you could have gotten these additional chapters without buying the book, flipping through, reading it, finding the hidden passwords, and then going out online and downloading the additional material using the passwords. That is the misrepresentation. Where does it say you have to buy the book? Well, I guess if we're going to look for the literal words, they don't exist. But the literal words aren't necessary under the Consumer Fraud Act. Under the Bruno Appliance case, it's clearly held that the innuendo is sufficient, that the deception can be accomplished by innuendo. You don't need affirmative misrepresentations. These can be innocent or negligent representations. And they don't even have to be false. They can simply be misleading. As long as there is a capacity to deceive. And I would ask the Court to think about what was the meaning here? What was the intention of the author in saying there are hidden passwords in this book? I mean, if the intention of the author was simply to give it away for free, then why not post it on the cover? Why not put it on his website where he had all kinds of other things on the website? He had a blog. He was answering questions. Why not just post it on there for free? Speaking of that, there was also some comment or some part of the PR by the author or Random House that there's all kinds of things on the author's blog that people could access and he would answer questions and those kinds of things. Doesn't that suggest that there is information accessible to the general public? On a question and answer, I agree. But this specifically was not part of it. In fact, on that same blog where he was answering the questions on his website, it's pages 40 to 42 in our appendix, he specifically lists the table of contents of the book. And this bonus material is listed as part of the table of contents of the book. It was clearly represented and clearly meant to give the impression that you have various chapters in the book and then you have bonus material, which is also supposed to be part of the book. The only way to get the bonus material is to go into the book and find the hidden passwords and access it. There was no statement, no innuendo ever given that you can go on and get this bonus material for free without purchasing the book. Another question. Is part of the nuance of your complaint the fact that there turned out to be no hidden passwords at all in the book? That's part of what you're alleging is this body of misrepresentation? That is part of it. People were looking for the hidden passwords and they just weren't there. The bonus material just didn't exist. And so we've sufficiently alleged that. And we've alleged that this book did not have the characteristics that it was advertised to have. That is an unfair act under the Deceptive Trade Practices Act. That's a cause of action. Here's characteristics that the book was advertised to have. People relied on that. People paid for it. And it didn't have them. And it was not until after we filed the complaint that all this stuff was hastily put up. That's a factual question. We weren't even able to get to that. That's a question for a jury to determine as to whether or not this was created after the fact. And it was created and put on because we caught them and we filed suit. And they hurried up and they created this. That's a factual issue. That's not susceptible to a decision on a 615 motion when the allegations are in the complaint. So I would ask if I could reserve some more time if there aren't any additional questions. No. Thank you. Yes, thank you. Good morning. Good morning, Counsel. Martin Durkin for Defendants Random House and Timothy Ferris. Please, the Court, a few points initially. First is, with respect to the issue of whether the materials were posted late, that was the allegation brought in Plaintiff's first complaint. That was abandoned in the amended complaint and is not at issue on this appeal. It was not briefed before the Circuit Court. It was not part of the Section 2615. That was in the initial complaint. I think it's not part of this complaint. Was it part of the allegations to gain injunctive relief in the first complaint? In the first complaint, yes. But, again, not in the second complaint and not part of the 2615 motion. On the second issue, with respect to whether the book contains passwords, that actually goes beyond the record. The book does contain passwords. We accept the allegations of the complaint at this point and the allegations are that there were no passwords. No, it's never alleged that there are no passwords. What's alleged is you don't need a password to access the materials. Can you tell me what? Maybe I've misread the complaint. With respect to the actions, what's alleged is that the material was posted without the need for a password to access it. Well, that's kind of a distinction without a difference with respect to that point because I think what your opponents have said, as I understand it, is that this was heavily advertised that there were hidden passwords and then all of a sudden your client posted the allegedly bonus material and no password was needed to access it. So, in essence, the plaintiffs feel that they were duped. The plaintiff feels that he was duped because he bought it. And I didn't get to ask Mr. Zimmerman that, but I will. The plaintiff claims he was duped because he bought the book thinking that, you know, these hidden passwords would give him access to some other material and all of a sudden the material was there but no passwords were needed. So that's the nuance that Justice DeLorte talked about before, that is it the absence of the password that's bothering everybody? That's really not clear. The exclusivity. Yeah. Does the exclusivity itself add some value that is somehow quantifiable in this complaint? And Mr. Zimmerman said yes. So can you respond to that? I mean, you think that exclusivity has no value or does it have value? Well, first, we don't believe we represent there was any exclusivity. That's the first thing. The reference that's being, that section that's being referred to, is contained on page 550 of the book. And what it says in addition to using passwords says go to the free message boards. So you're directed to free message boards as the other part of the book is more than you, just what you hold in your hands. There's also a free message board and the blogs that are attached to the complaint. That's the extra value that's there. In terms of exclusivity, no one was ever promised they would have exclusive or privileged access to this material. It would be made available to anyone with appropriate access. And what would the appropriate access be? Well, that referred to the passwords. As it was done, they elected subsequently not to require passwords. They made these materials available to everyone. Made them available to the public. But that's what he's complaining about. He's saying that it was marketed that it would be exclusive to people who had access to the passwords and then suddenly you didn't need access to the password anymore. So they feel that they've been deluded into thinking that they were getting something exclusive and now they're not. I mean, that's what I understand his argument to be. Two points. First, no representation was made that there would be exclusive access. And the second point, a seller can change the terms and still give the purchaser everything that was promised and yet make it more broadly available without harming consumers. Is it consumer fraud every time a seller puts something on sale two for one? Well, the person that bought one the day before only got one. The person who went in the second day bought one and got two. Was the first person defrauded? The terms being offered were changed. And that's not consumer fraud. The plaintiff here got everything that was promised. He got the book and all of the bonus materials. And the key here, I think, under the Section 216, 615 standard, is when you look at the exhibits of the complaint, they contradict the allegations of the complaint. And what the circuit court did was read the exhibit and said, this exhibit contradicts the complaint. And based on that contradiction, the court said, I'm going to follow what the exhibit said. The exhibit never says you have to buy the book. The exhibit doesn't say the purchase of this book gives you an exclusive license to access these materials. This wasn't a case of a shrink-wrap license with software where you have to purchase something to get a license for access. Mr. Durkin, can you respond to Mrs. Zimmerman's argument that this was a question for the trier of fact? It should never have been. That's kind of the catch-all, the overarching argument here. But he says that this is something that should never have been decided on the 2615 motion. This is all these two questions are all factual questions that should be left to the trier of fact and that a whole line of Illinois case law says that that's so. Can you respond to that? The circuit judge, again, read Exhibit 3 and said this contradicts the allegations. And then reading Exhibit 3, the circuit court held what is stated in Exhibit 3 as a matter of law is not fraudulent. It never says purchase is necessary. It directs you otherwise to the free message board. And then beyond that, plaintiff still has to show some damage. And here again, plaintiff got the full benefit of his bargain. He got the book and all of the bonus materials. When you look at Paragraph 26 of the complaint, which is the allegation for the damages, does that sound in breach of contract to you? What measure of damages should be used on a consumer fraud? That, again, I think is one of the issues here. It's essentially a breach of promise case, which would, again, that was one of Judge Palmer's other points, that this is really a breach of promise, which is not actionable under the consumer fraud act. And that really is what is laid out here in Paragraph 26. It's essentially a breach of contract damages, not consumer fraud act damages. Thank you, counsel. Anything else? I did have a stray question here. It looks like somewhere along the way you removed the case to federal court and then Judge Juriagin sent it back. What was the reason the judge sent it back to state court? Because it looks like there'd be diversity of citizenship here. That was when the complaint was amended. The material was posted. Injunctive relief was removed from the case. And at that point, plaintiffs sought remand based on the reduced value, based on the fact that injunctive relief was no longer part of the case, and the amended complaint was filed not based on the material not being available, but based on the absence of needing a passport. Thank you very much. Can you address the fact that the judge dismissed it with prejudice and the argument that the plaintiff makes that there should have been an amendment allowed? Certainly. That issue is an abusive discretion standard, whereas the rest of the case is de novo. With respect to that, again, plaintiffs didn't present to the court how they would amend the complaint. They didn't give the court an opportunity to say this is the alternative allegation we could make if you will give us leave to amend. They simply generally sought leave to amend. That's not sufficient under the law. The second issue would be that the court found if this paragraph, Exhibit 3 to the complaint, if that's the basis for the claim, the court found that that was not deceptive as a matter of law, so amending would really be for naught here. So with respect to the standard, it would be abusive discretion, and that's why the court ruled that way. Thank you, counsel. Thank you. Mr. Zimmerman, brief rebuttal, please. In the complaint, it's paragraph 61 on appendix page 17. It is alleged that defendants continue to conceal the fact that there are no hidden passwords in the book. It is alleged that there are no hidden passwords and that access to the bonus material does not require the purchase of the book. So it is alleged that there's no hidden passwords. With respect to, I believe, the issue of reliance, it is alleged in paragraph 52 on appendix page 15 and also on paragraph 65 on appendix page A19 that had the plaintiff and the class known of the true facts that they would not have purchased the book or they would not have paid the full asking price for the book and that, in fact, they had overpaid for the book in terms of the computation of damages that we came up with earlier. So approximate cause, which also is a question of fact, is adequately alleged. Damages for the diminution in what you bought, that it's really worth less than what you paid for, is adequately alleged, and those are sufficient damages under the Consumer Fraud Act. With respect to the breach of contract question, I think the Peter J. Hartman case and the Pappas v. Pella case are instructive on this point that misrepresentations that are made prior to entering into a contract to induce somebody to enter into a contract is actionable under the Consumer Fraud Act. And so what we have pled here is just that. We have pled that these were misrepresentations that were made to induce somebody to buy the book, to find the hidden password, to then be able to download. But counsel indicated that in the book itself, it's on page 560, so how would we determine whether it wasn't until after the book that someone actually learned that there was this bonus material? It is also set forth in the website. I know that it's also on the website, but it would be difficult to discern whether a plaintiff or a member of the class learned about the bonus material after purchase or before purchase, wouldn't it? Well, the plaintiff in this case learned about it before purchasing, and that is alleged, that he knew about it before and he relied on that misrepresentation to purchase. And the reliance was so that he purchased the book so that he could find the hidden passwords so that he could then have access to the hidden bonus material. Counsel referenced that there was a blog, free message boards and whatnot, but it never states anywhere that the bonus material will be given away free on the blog or the message board. In fact, it specifically states you need to have a hidden password in order to access it wherever it is located. So even if it was located on his blog or his free message board, you would still need the hidden password to access it according to the misrepresentations here. And I think the case law and specifically the Federal Trade Commission interpretation of the Act is that if there are two interpretations that you don't look at the truthful one and just buy into that, if there's a potentially misleading interpretation and there may be a potentially non-misleading interpretation, under the liberal construction, the liberal standards here of the Consumer Fraud Act and a 2615 motion, all well-pled inferences must be given in favor of the plaintiff. And here the court did just the opposite. The court stepped into the shoes of the jury, the finder of fact, and said, well, I think there might be a non-misleading interpretation. I'm going to buy that one instead. And that was the wrong thing to do on a motion to dismiss, especially under these circumstances. And with respect to the amended complaint, we simply added that in our response brief in the event the court were to grant the motion, we would seek leave to amend, to cure whatever defects that the court had found. We didn't know how the court was going to rule at that time, so obviously we were not able to. But before you appealed up here, did you go back to Judge Palmer after he had ruled with a proposed amended complaint? No. No, it was dismissed with prejudice, and so we just filed a notice of appeal at that time. There was no, we were not granted leave to amend. But you never asked. We did not ask. It was with prejudice, and we left it at that. Anything else? Thank you. Thank you very much, Mr. Zimmerman. Thank you, Mr. Durkin, for a good argument. This matter will be taken under advisement, and we are adjourned.